## Tom K. Chan et al., Appellees, v. Israel Lanski et al., Appellants.

### Gen. No. 19,819. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Tom K. Chan and others against Israel Lanski and others to recover back money paid under an agreement for the leasing of the second floor of a building to be erected by the defendants, the term of the lease to begin November 1, 1912, and end October 31, 1927. In the lease the defendants acknowledged the receipt of $1,800 from plaintiffs, which was to be applied towards the payment of rent for the last five months of the demised term. It was further provided that the premises thereby leased were part of an entire building to be erected by the defendants at the southwest corner of Indiana avenue and Thirty-first street, in Chicago, Illinois. Said lease further provided that the defendants "agree to have said premises completed and ready for occupancy by the first day of January, 1913; provided, however, that the time within which said lessors are obligated to complete said premises herein demised shall be extended to the extent that said lessors are delayed or hindered by strikes, fire or any cause whatsoever beyond the reasonable control of said lessors. Lessees agree that in the event said premises are not completed or erected as provided herein, said lessors shall not be liable for any sums whatsoever beyond the abatement of rent and return of money deposited by the lessees hereunder, and lessees shall have the right to terminate said lease." That $1,800 was paid was admitted, and

one of the plaintiffs testified that on October 24, 1912, he paid defendants an additional amount of $272, upon the agreement of the lessors to install in the premises a certain kind of art glass.

The building was not completed and ready for occupancy on January 1, 1913, and this suit is for the recovery of money paid by plaintiffs to defendants. Defendants filed an affidavit of defense, that the building was not completed within the time contracted for, for the reason that there was some delay in removing some old buildings and rubbish from the ground, and further that in making excavations and laying foundations it was found that the ground contained quicksand and water in large quantities. The affidavit was stricken from the files as insufficient and default was entered for failure to file a proper affidavit. Plaintiffs had judgment for $2,072. To reverse the judgment, defendants appeal.

RINGER, WILHARTZ, LOUER & CONCANNON, for appellants.

AMMEN, STREYCKMANS & JOYNER and BENEDICT J. SHORT, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 66*—*when lessors contracting to have building completed presumed to know quicksand will be encountered with*. Where lessors executed a lease of a part of a building to be erected in Chicago with provision in the lease that the premises were to be ready for occupancy by a certain date, and the lessees paid in advance a certain sum to be applied as rent and a further sum for the purpose of having a certain kind of art glass installed, *held*, in an action by the lessees to recover back the sums paid on the ground that the building was not completed in time, that it was no defense that the delay resulted from re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

moving old buildings and rubbish from the grounds and from encountering quicksand and water in making the excavations and laying the foundations, since the lessors are presumed to know that in making excavations and laying foundations for buildings in Chicago quicksand and water will probably be encountered.

## Grand Lodge Independent Western Star Order, Appellee, v. Illinois Surety Company, Appellant.

### Gen. No. 19,856. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Grand Lodge Independent Western Star Order, a corporation, against Illinois Surety Company on a fidelity bond. By the terms of the bond defendant guarantied to reimburse plaintiff for such pecuniary loss as it should sustain by any act of larceny or embezzlement on the part of A. R. Fifer, Grand Endowment Treasurer of plaintiff, committed between October 21, 1911, and October 21, 1912. The bond was in the penal sum of $6,000. Plaintiff had judgment for $5,457.86, which was the amount plaintiff claimed Fifer embezzled from it. To reverse the judgment, defendant appeals.

By the terms of the bond it was provided that plaintiff "on his becoming aware of any act which may be made the basis of any claim hereunder, shall, within ten days, give the Company notice thereof by telegraph at the Company's expense, and in writing by a registered letter, addressed to the Secretary of the Company, Chicago, Illinois, * * * and this Bond